UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

CAROLYN BIELFELDT,

       Plaintiff,                              13 CV 3772 (SJ)

       v.

                                               **MEMORANDUM &**
                                               **ORDER**

KATHERINE H. SONOWSKI and
KENNETH SONOWSKI,
       Defendants.

--------------------------------------------------X

A P P E A R A N C E S

LIPSIG, SHAPEY, MANUS &
MOVERMAN, P.C.
40 Fulton Street, 25th Floor
New York, NY 10038
By:    Mark J. Manus
Attorneys for Plaintiff

JAMES G. BILELLO & ASSOCIATES
875 Merrick Road
Westbury, NY 11590
By:    John W. Kondulis
        Jon M. Kessel
Attorneys for Defendants

JOHNSON, Senior District Judge:

       Plaintiff Carolyn Bielfeldt ("Plaintiff") seeks an order remanding this action

to the Supreme Court of the State of New York, Kings County and awarding

attorneys' fees and costs. Defendants Katherine H. Sonowski and Kenneth Sonowski ("Defendants") oppose and argue that remand is improper. After reviewing the parties' arguments, the motion to remand is DENIED and the request for attorneys' fees is DENIED.

## BACKGROUND

On September 21, 2012, Plaintiff, a resident of New York, commenced a civil action in New York State Supreme Court, Kings County, alleging Defendants' liability for personal injuries resulting from an August 27, 2012 car accident in Brooklyn, New York. (Complaint at ¶¶ 4-9.) Plaintiff, a pedestrian at the time, alleges injuries and seeks damages from Defendants, residents of New Jersey. (Complaint at ¶¶ 11-13, 16.) Plaintiff's injuries included a fracture of the femur requiring open reduction surgery and the surgical installation of a mechanical internal fixation device in the bone of her leg. (Pl. Mot. Remand at ¶ 16.)

On July 3, 2013, Defendants filed a Notice of Removal, removing this action to federal court. In their Notice, Defendants argue that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that the action may be removed to this Court under 28 U.S.C. § 1441(b). (Notice of Removal at ¶ 4.) Plaintiff filed the instant motion, seeking to remand this case back to state court on October 3, 2013.

In support of remand, Plaintiff argues untimely removal, notes that discovery was nearly complete at the time of removal, and argues principles of judicial

economy preclude removal, regardless of diversity of the parties. (Mot. to Remand at 2–7.) Plaintiff also argues Defendants had constructive notice that the amount in controversy exceeded the jurisdictional amount under 28 U.S.C. § 1332 since Defendants' liability insurer paid Plaintiff's hospitalization and other medical bills. (Pl. Mot. Remand at ¶¶ 15-16.) Defendants counter, claiming they were not provided Plaintiff's medical records as of at least February 2013 and that only on June 16, 2013, sixteen days prior to the removal, did Plaintiff disclose the amount in controversy exceeded the jurisdictional amount for federal diversity jurisdiction. (Aff. of John W. Kondulis.[1]) Plaintiff also requests attorneys' fees pursuant to 28 U.S.C. § 1447(c). (Id. at 8–9.)

## DISCUSSION

**A. Motion to Remand**

When a defendant removes a case to federal court, the plaintiff may move for remand if "it appears that the district court lacks subject matter jurisdiction." See 28 U.S.C. § 1447(c); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 571 (2004). A party seeking to remove an action from state to federal court bears the burden of proving federal jurisdiction. See Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998) ("It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction."); Pan Atl. Grp., Inc.

---

[1] Unfortunately, defense counsel's affirmation contains neither page numbers nor paragraph numbers, rendering citing precision unfeasible.

v. Republic Ins. Co., 878 F. Supp. 630, 638 (S.D.N.Y. 1995) (removal jurisdiction). If there is doubt as to whether federal jurisdiction exists, remand is appropriate. See Pan Atl. Group, 878 F. Supp. at 638.

"Except as otherwise expressly provided by Act of Congress," removal is proper only if this Court would have had original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts have original subject matter jurisdiction over those cases, inter alia, "arising under the Constitution, laws, or treaties of the United States," i.e., involving federal questions, id. § 1331, and over those cases involving citizens of different states when the amount in controversy exceeds $75,000, id. § 1332. If the district court has federal question jurisdiction, defendants may remove civil actions to federal court regardless of the parties' citizenship; for all other cases, removal is warranted only if no defendant is a citizen of the state in which the action is brought, i.e., where diversity exists. See id. § 1441(b).

Although a defendant typically has thirty days from service of the complaint or other relevant pleading to file a notice of removal, see 28 U.S.C.A. § 1446(b), Congress has set forth an additional layer of analysis in the context of diversity cases. Absent extraordinary circumstances, cases must be removed within one year of the commencement of the action. See 28 U.S.C.A. § 1446(c)(1).

In this case, Defendants assert this Court's diversity jurisdiction under § 1332 and argue removability pursuant to 28 U.S.C. § 1441(b). Plaintiff is a resident of the New York and defendants are New Jersey residents. As of June 16, 2013,

Defendants were on notice that the amount in controversy, one million dollars, satisfied the jurisdictional threshold for federal diversity jurisdiction and Defendants timely removed this case to federal court only sixteen days later. Although Plaintiff argues Defendant could have "reasonably ascertained" the amount on controversy exceeded $75,000 prior to this, the statutory language is fairly clear: despite the one year window set forth for diversity cases, the thirty-day clock starts running for defendants seeking to remove to federal court upon receipt of <u>written</u> notice allowing defendants to ascertain a case is removable. <u>See</u> 28 U.S.C. § 1441(b)(3).

In <u>Whitaker v. American Telecasting, Inc</u>., 261 F.3d 196, 205-206 (2d Cir. 2001), the Second Circuit considered the issue of timely removal of cases to federal court. In <u>Whitaker</u>, the Second Circuit explicitly rejected the "constructive notice" argument Plaintiff raises in holding the basis for removal must be evident on the face of a pleading for the thirty-day clock to commence. <u>Whitaker</u>, 261 F3d at 205. In that case, there was a disclosure of the amount in controversy in a summons and notice but this was found to be inadequate. Requiring defendants to do investigation or to intuit the basis for removal was held to be inappropriate. <u>Id</u>. "While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." <u>Whitaker</u>, 261 F.3d at 206 (citations omitted).

The Second Circuit cites Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 54 (3d Cir.1993) for its conclusion that the relevant test is not what the defendants may have known, but what the relevant pleading said, and offers this Court clear guidance in this case, where all parties appear to agree that the amount in controversy was not disclosed to the Defendants in any specific, written form prior to June 16, 2013. Since the relevant inquiry is what the pleading documents said, and not what Defendants may have known or what Defendants could have figured out with some investigation, Defendants' July 3, 2013 Notice of Removal was both timely and proper. Upon notice that the amount in controversy exceeded the federal diversity threshold, and well within thirty days of that date, Defendants removed the instant case to federal court, appropriately, as diversity exists and the amount in controversy exceeds the jurisdictional threshold. Although Plaintiff raises cogent arguments that comport with common sense, e.g., discovery was nearly complete in state court at the time of removal, jurisdictional analysis cannot take a backseat to principles of judicial economy. Clearly, remand is inappropriate in this case and Plaintiff's motion is denied.

**B. Request for Attorneys' Fees**

In an inappropriate removal, defendants may be required to pay "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorneys' fees under 28 U.S.C. § 1447(c) only where the removing party lacked an

objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The attorneys' fees provision is designed to deter improper removal. Circle Indus. USA, Inc. v. Parke Constr. Grp., Inc., 183 F.3d 105, 109 (2d Cir. 1999). The Court has "'a great deal of discretion and flexibility . . . in fashioning awards of costs and fees.'" Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 12 (E.D.N.Y. 1999) (quoting Morgan Guar. Trust Co. of N.Y. v. Republic of Palau, 971 F.2d 917, 923 (2d Cir. 1992)). Needless to say, there is no basis for the award of attorneys' fees, given the Court's ruling above. Having found that removal was proper, and having declined to remand this case back to state court, this Court is not inclined to consider an award of attorneys' fees, nor could it appropriately do so. Accordingly, the Court finds that an award of attorneys' fees is not warranted in this case and Plaintiff's request is denied

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is DENIED and request for attorney's fees is DENIED.

**SO ORDERED.**

Dated: July 15, 2014  /s/
      Brooklyn, NY  HON. STERLING JOHNSON, JR.
                                                     Senior United States District Judge